IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

Will Manfred Sanchez Hernandez, et al.

    Plaintiffs,

v.                                 Case No.: GJH-14-3490

Avery Painting and Drywall, LLC, et al.

    Defendants.

## MEMORANDUM OPINION

Plaintiffs Will Manfred Sanchez Hernandez, Luis Aldair Revelo Marroquin, Manuel de Jesus Leiva Torres, Nathan Santos Bustillo, and Jose Miguel Guerrero Diaz (collectively, "Plaintiffs") and Defendants Avery Painting and Drywall, LLC and Melody A. Wolins (collectively, "Defendants") jointly move for approval of a settlement agreement. Plaintiffs filed this action alleging that Defendants misclassified them as independent contractors and denied them overtime in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Article ("LE") § 3-401 *et seq.* and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, LE § 3-501 *et seq.* ECF No. 22.

The Court has reviewed the Amended Complaint, the parties' Joint Motion for Approval of Settlement Agreement, and the Settlement Agreement and Release. ECF Nos. 22, 33 & 33-1. For the reasons explained below, the Court finds that *bona fide* disputes exist regarding liability under the FLSA, the settlement agreement is a fair and reasonable compromise of the disputes, and the attorney's fees are reasonable. *See Leigh v. Bottling Group, LLC*, DKC-10-0218, 2012

Case 8:14-cv-03490-GJH   Document 34   Filed 09/18/15   Page 2 of 7

U.S. Dist. LEXIS 17016, 2012 WL 460468 at * 4 (D. Md. Feb. 10, 2012); *Lopez v. NTI, LLC*, 748 F.Supp. 2d 471, 478 (D. Md. 2010); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). Therefore, the Court will GRANT the motion and instruct the clerk to close this case.

## I. BACKGROUND

Plaintiffs performed work for the Defendants' painting and drywall business on a reoccurring basis between 2011 and 2014. ECF No. 22 at ¶ 18. Plaintiffs alleged that they were denied overtime wages during this time because Defendants misclassified them as independent contractors and not employees. ECF No. 33 at 1. Defendants disputed the number of overtime hours alleged by Plaintiffs in the Amended Complaint and further alleged that the Plaintiffs were not misclassified. *Id.* Further, Defendants alleged that the manner in which Plaintiffs were treated was requested by Plaintiffs for tax and immigration purposes. *Id.* at 2.

Plaintiffs filed a Complaint on November 5, 2014, ECF No. 1, and filed an Amended Complaint on March 11, 2015, ECF No. 22. A settlement conference was held before United States Magistrate Judge Jillyn Schulze on March 19, 2015. ECF No. 15. The parties engaged in discovery, which was at times contentious. *See, e.g.,* ECF No. 25 (Motion for Sanctions and to Compel Written Discovery). On September 4, 2015, the parties submitted the Joint Motion for Settlement Approval. ECF No. 33.

## II. DISCUSSION

### A. FLSA Settlements

The FLSA does not permit settlement or compromise over alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory

rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354; *see also Lopez*, 748 F. Supp. 2d at 478 (explaining that courts assess FLSA settlements for reasonableness). These restrictions help carry out the purpose of the FLSA, which was enacted "to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d. 404, 407 (D. Md. 2014). Before approving an FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (italics not in original). To do so, courts examine whether there are FLSA issues actually in dispute, the fairness and reasonableness of the settlement, and the reasonableness of the attorney's fees. *Duprey*, 30 F. Supp. 3d. at 408 (internal citations omitted). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

### B. *Bona Fide* Dispute

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *Lomascolo v. Parsons Brinkernoff, Inc.*, I:08cv1310 (AJT/JFA), 2009 U.S. Dist. LEXIS 89129, 2009 WL 3094955 at *10 (E.D. Va. Sept. 28, 2009). Here, a review of the filings demonstrates that while Plaintiffs claimed they were denied overtime wages, the Defendants alleged that Plaintiffs were properly classified as independent contractors at their request and as independent contractors were not entitled to overtime wages. ECF No. 33. The determination of whether a plaintiff is an independent contractor, not covered by the provisions of the FLSA, or an

employee, who is entitled to overtime wages under the FLSA, is a fact-specific inquiry that is frequently at the heart of FLSA litigation. *See, e.g., Schultz v. Captial Int'l Sec., Inc.*, 466 F.3d 298 (4th Cir. 2006) (reversing district court determination that plaintiff was an independent contractor).

Additionally, Defendants have asserted a defense under the common law doctrine of *in pari delicto*, "which can bar recovery under a federal statute where (1) the plaintiff bears at least substantially equal responsibility for the violations she seeks to redress, and (2) preclusion of the suit would not substantially interfere with the statute's policy goals." *Saman v. LBDP, Inc.*, DKC-12-1083, 2013 U.S. Dist LEXIS 83414 at *10, 2013 WL 2949047 (D. Md. June 13, 2013) (citing *Bateman Eichler, Hill Richards, Inc. v. Berner*, 472 U.S. 299, 310-11, 105 S. Ct. 2622 (1995)). The applicability of *in pari delicto* to FLSA claims in the circumstance suggested by Defendants here (i.e., where Plaintiffs allegedly requested to be paid in a certain manner for tax and immigration purposes) is unclear. *Id.* This creates additional uncertainty regarding the outcome of this case. Thus, under these circumstances, the parties have sufficiently shown that *bona fide* disputes regarding the extent of liability under the FLSA exist in this case.

### C. Fairness & Reasonableness

In determining whether a settlement of FLSA claims is fair and reasonable, the Court may consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo*, 2009 U.S. Dist. LEXIS 89129, 2009 WL 3094955 at *10. Here, the exhibits supporting the request for attorneys' fees demonstrate that the parties devoted a significant amount of time to discovery related matters. ECF No. 33-4. For example, in her declaration, lead counsel for the plaintiffs, Mary Craine Lombardo, reports that she spent 18.6 hours on discovery matters and 18.4 hours in depositions. ECF No. 33 at 2. Thus, the parties have had sufficient opportunity to "obtain and review evidence, to evaluate their claims and defenses[,] and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to trial of this case." *Lomascolo,* U.S. Dist. LEXIS 89136, 2009 WL 309455 at *11.

There has been no evidence to suggest any fraud or collusion in the settlement. Further, pursuant to the settlement agreement, Plaintiffs will receive $22,500 over the course of four months with $7,000 of that recovery being paid as attorneys' fees and costs. ECF No. 33 at 2. While this is a modest sum compared to Plaintiffs' original demands, the parties agree that Defendants have limited resources and additional litigation may lead to a protracted bankruptcy proceeding. ECF No. 33 at 4. Thus, as was the case in *Saman*, "[i]n light of the risks and costs associated with proceeding further and Defendants' potentially viable defenses, this amount appears to reflect a reasonable compromise over issues actually in dispute." 2013 U.S. Dist. LEXIS 83414, 2013 WL 2949047 at *5 (citation and internal quotation marks and brackets omitted).

Finally, although the settlement agreement contains a general release of claims beyond those in the Complaint, and a general release can render an FLSA settlement agreement unreasonable, the Court is not required to evaluate the reasonableness of the settlement as it

relates to non-wage-dispute claims if the employee is compensated reasonably for the release executed. *Duprey*, 30 F. Supp. 3d. at 410.

### D. Attorney's Fees

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). This Court has established rates that are presumptively reasonable for lodestar calculations. *See* Loc. R. App. B.

Here, Plaintiffs have been represented by attorneys Mary Craine Lombardo, Jonathan Lieberman and Eduardo Garcia. ECF No. 33. Both Ms. Lombardo and Mr. Lieberman have been admitted to the bar for over fifteen years and recorded billing rates of $395 and $420 per hour. *Id.* at 5. Mr. Garcia has less than five years of experience and performed limited work on the case at a rates of $225 and $275 per hour. *Id.* The attachments to Ms. Lombardo's declaration also set forth the number of hours worked by these attorneys, which the Court finds to be reasonable given the litigation in this case. ECF No. 33-4. The total amount in attorney's fees accrued by counsel for the Plaintiffs in this litigation was $31,026. ECF No. 33. While some of the rates charged are slightly higher than the rates which have been designated as presumptively reasonable by our local rules, the Court notes that as part of the settlement the Plaintiffs' attorneys have significantly reduced their fees and are only requesting $6,503.56 in attorneys' fees and $496.44 in costs. ECF No. 33 at 5. In light of the facts of this case and the disputes

explained above, the Court finds the attorney's fees to be fair and reasonable under the lodestar approach.

### III. CONCLUSION

For the reasons stated above, the Joint Motion for Approval of Settlement Agreement is GRANTED.

A separate Order shall issue.

Dated: September 18, 2015

GEORGE J. HAZEL
United States District Judge